# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED at 12 O'clock & 03 min P M
Date September 23, 2009
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | Chapter 13 Case |
| ) | |
| SHANDA MARIE GERENA ) | Number 08-41912 |
| ) | |
| *Debtor* ) | |
| ) | |
| BAC HOME LOANS SERVICING, ) | |
| L.P., Successor in Interest to ) | |
| Countrywide Home Loans Servicing, L.P. ) | |
| ) | |
| *Movant* ) | |
| ) | |
| v. ) | |
| ) | |
| SHANDA MARIE GERENA ) | |
| and ) | |
| O. BYRON MEREDITH, III, ) | |
| in his capacity as Chapter 13 Trustee ) | |
| ) | |
| *Respondent* ) | |

### MEMORANDUM AND ORDER

Movant, the holder of a purported first deed to secure debt over property of the Debtor seeks an order granting stay relief in order to pursue its remedies for reformation or voiding of a cancellation of a debt deed in the Superior Court of Liberty County, Georgia. For the reasons that follow I grant that Motion for such limited relief.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

The sequence of events out of which this issue arises is undisputed and is amplified in the parties' pleadings, but can be summarized generally here as follows:

1) Debtors husband acquired title to the subject real estate in September 2007. At the time of his acquisition, he borrowed slightly more than $100,000.00 and executed a deed to secure debt to secure the repayment of that indebtedness. He also transferred a one-half undivided interest to his wife, the Debtor.

2) The loan was extended by Mortgage Electronic Registration Systems (hereinafter "MERS") and following the closing the documents were recorded. The order of recordation in the Superior Court Clerk's Office placed the conveyance of the one-half undivided interest to Debtor ahead of the deed to secure debt in favor of MERS, although they were recorded on the same date and time in the Clerk's Office.

3) Approximately one year later the deed to secure debt was transferred to BAC's predecessor and thereafter MERS, allegedly mistakenly, executed and filed of record a satisfaction of the mortgage notwithstanding the fact that the debt had not been paid but had merely been transferred to another holder.

4) Debtor then filed her Chapter 13 case on October 7, 2008. The Order Confirming Plan was entered on January 9, 2009, and the Chapter 13 Trustee now takes the position that

stay relief should not be granted in favor of BAC because the Trustee has the right to assert its strong-arm powers, treat the real estate as only partially encumbered or unencumbered, sell it, and pay the proceeds to creditors in the estate.

5) BAC seeks authority to correct the recordation data in the Liberty County Superior Court Clerk's Office and to seek relief from the Superior Court voiding the cancellation and reinstating the security deed to the priority position which BAC believes it should rightfully hold.

6) There is no contention by any party that fraud or misrepresentation occurred in the failure of any party to raise this issue prior to confirmation.

## CONCLUSIONS OF LAW

After consideration of the entire record and the arguments and citations of counsel, I conclude that the Motion should be granted. Whether the deed to secure debt order of recordation in the public records can be reformed or reordered or whether the cancellation of the deed to secure debt can be vacated or voided so as to reinstate the deed to secure debt is a classic state law issue which this Court should abstain from hearing under 28 U.S.C. § 1334. While the Trustees assertion of his rights under 11 U.S.C. § 544 is a matter more appropriately litigated in a bankruptcy forum, I agree with Movant's contention that because the Debtor's plan was confirmed on January 9, 2009, property of her bankruptcy estate revested in her, subject to whatever rights BAC may hold, pursuant to 11 U.S.C. § 1327.

The Trustee's contention that the potential unencumbered status of this property is a post-confirmation asset over which this Court can exercise jurisdiction under the decision of <u>Waldron v. Brown (In re Waldron)</u>, 536 F.3d 1239 (11th Cir. 2008), is incorrect. Rather, Debtor's real estate is an asset that was owned pre-petition and at the time of confirmation it was believed in good faith by all parties that it was fully encumbered by the deed to secure debt in issue. The subsequent discovery that there might be a title defect in the security deed holder's interest does not constitute a post-confirmation asset. Rather, it is the later discovery of a claim which might have been asserted at the time of confirmation but was not.

Because there is no contention that any fraud or intentional misrepresentation occurred, the binding effect of confirmation and the revesting of property of the estate in the Debtor at that time must be enforced. As a result, the residual dispute is purely a matter between the Debtor and the lender and is more appropriately adjudicated in the state court system. This Court retains jurisdiction over the administration of the Chapter 13 case as confirmed or as it may be modified in the future and any disputes arising out of the case. However, for the limited purposes articulated by the Movant, the Motion for Relief from Stay is granted.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion for Relief from Stay filed by BAC Home

Loans Servicing, L.P., Successor in Interest to Countrywide Home Loans Servicing, L.P., is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 22nd day of September, 2009.

AO 72A
(Rev. 8/82)

5